UNITED STATES DISTRICT COURT JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 12-6841-JFW (VBKx)** Date:  September 28, 2012

Title: Gabrielle Alberici, et al. *-v-* County of Los Angeles, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   **Shannon Reilly**   **None Present**
   **Courtroom Deputy**   **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:** **ATTORNEYS PRESENT FOR DEFENDANTS:**
   None   None

**PROCEEDINGS (IN CHAMBERS):** ORDER DISMISSING PLAINTIFFS' FEDERAL CLAIMS FOR FAILURE TO COMPLY WITH THE COURT'S ORDER; and

ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On September 17, 2012, the Court held an extensive hearing on Defendant County of Los Angeles' Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) and discussed in detail the deficiencies in Plaintiffs' First Amended Complaint, which had resulted in the filing of six separate motions to dismiss and two separate motions to strike by various defendants.[1] The Court then ordered Plaintiffs, if they desired to remain in federal court and pursue their federal claims, to file a Second Amended Complaint setting out with specificity the federal claims and identifying the defendants involved in each of those claims on or before September 24, 2012.

On September 24, 2012, Plaintiffs filed a Second Amended Complaint. The Court has reviewed the Second Amended Complaint, and finds that it violates the Court's order. First, Plaintiffs improperly, and without leave of the Court, added new substantive claims to their Second Amended Complaint, including specifically the third cause of action for violation of Title II of the Americans with Disabilities Act and the fourth cause of action for violation of Section 504 of the

---

[1] On March 21, 2012, Plaintiffs filed their Complaint in Los Angeles Superior Court. On July 6, 2012, Plaintiffs filed their First Amended Complaint. On August 8, 2012, Defendant County of Los Angeles removed this action to this Court, after having been served for the first time with either complaint on July 9, 2012. All defendants that had been served by the time of the removal joined in and consented to the removal.

Rehabilitation Act, 29 U.S.C. § 794 .  *See* Fed. R. Civ. Pro. 15 (a); *see also Concerned Citizens for a Safe Community v. Office fo Federal Detention Trustee*, 2011 WL 2971000 (D. Nev. July 19, 2011) (granting motion to strike new substantive claims added to second amended complaint after Court had ordered the plaintiff to amend the complaint set forth sufficient facts and evidence to establish standing).  Second, in amending their existing federal claims, Plaintiffs failed to do so in a manner that complied with the Court's very explicit and specific order.  *See, e.g., Crittenden v. Murphy*, 2012 WL 3960454 (D. Ariz. Sept. 10, 2012) (warning the plaintiff that if the amended complaint "fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. §1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure").

Federal Rule of Civil Procedure 41(b) provides, in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action *sua sponte* pursuant to Rule 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Alexander v. Pac. Mar. Ass'n*, 434 F.2d 281, 283-84 (9th Cir. 1970).

In *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Id.* at 1423.  Dismissal is appropriate "where at least four factors support dismissal,  or where at least three factors 'strongly' support dismissal."  *Id.* (internal citations omitted) (*citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)).

In this case, in assessing the first *Henderson* factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal of Plaintiffs' federal claims.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (*citing Yourish* v. *Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal of Plaintiffs' federal claims.  *See id.*

The third *Henderson* factor favors dismissal of Plaintiffs' federal claims.  This case was filed on March 21, 2012, and, yet, six months later, this case has failed to advance past the pleading stage in large part because Plaintiffs have failed to state viable federal claims.  This continued delay in being able to litigate and resolve Plaintiffs' claims is prejudicial to the defendants.  *See Yourish*, 191 F.3d at 991; *Pagtalunan*, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).  Moreover, the defendants have incurred substantial attorney's fees in filing their motions to dismiss and motions to strike and they will be forced to expend additional attorney's fees in filing motions to dismiss and motions to strike the deficient Second Amended Complaint.

In considering the fourth *Henderson* factor, this Court's order was very specific as to how Plaintiffs would be required to amend their federal claims.  However, Plaintiffs have filed a Second Amended Complaint that not only violates the Court's order but that continues to suffer from the same deficiencies that required the defendants to file multiple motions to dismiss and motions to

strike.  Therefore, Plaintiffs have been afforded multiple opportunities to allege federal claims that conform with both the pleading requirements of the Federal Rules of Civil Procedure and this Court's order and have failed to do so.

In addition, the Court is dismissing Plaintiffs' federal claims without prejudice, and, thus, has adopted a less drastic sanction than dismissing the claims with prejudice.  Therefore, the fifth *Henderson* factor is satisfied and favors dismissal.  *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

Accordingly, as a result of Plaintiff's violation of the Court's order, the Court **DISMISSES without prejudice** *sua sponte* Plaintiffs' first cause of action for violation of civil rights under 42 U.S.C. § 1983, second cause of action for *Monell* related claims, third cause of action for violation of Title II of the Americans with Disabilities Act, and fourth cause of action for violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  See Fed. R. Civ. P. 41(b); *see also Yourish*, 191 F.3d at 986-88; *Ferdik*, 963 F.2d at 1260.

In light of the fact that the Court has dismissed the only claims over which this Court has original jurisdiction, and after considering judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See* 28 U.S.C. § 1367(c)(3); *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351 (1988)) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state law claims.'"). Accordingly, this action is hereby **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.